IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>JEREMIAH STADTLANDER,<br><br>    Intervenor-Plaintiff,<br><br>v.<br><br>WARREN VILLAGE (MOBILE) LIMITED PARTNERSHIP; WARREN PROPERTIES, INC.; FRANK R. WARREN; LAURIE WEAVER; and EVELYN GRAVES,<br><br>    Defendants. | CIVIL ACTION NO.:  CV-09-0237-CG-N |

## DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendants Warren Properties, Inc., Warren Village (Mobile) Limited Partnership, Frank R. Warren, and Evelyn Graves (hereafter "Warren Properties") move this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for entry of a Protective Order to govern the production of certain electronically stored information in this case.  In support of this motion, defendants set forth as follows:

1.Plaintiff United States and Defendant Warren Properties are currently engaged in a discovery dispute relating to the difference between certain Vacancy Status Reports produced by Warren Properties to the United States Department of Housing and Urban Development (HUD) as part of the investigation of the claims made

CV-09-00237-CG-N
Defendants' Motion for Entry of Protective Order

by Intervenor-Plaintiff Jeremiah Stadtlander and other Vacancy Status Reports produced by Warren Properties as part of its initial disclosures in this lawsuit. Currently pending before the Court is a motion to compel (Doc. 99) filed by the United States and the response of the defendants (Doc. 105). Essentially, plaintiff seeks to access and copy all of Defendant Warren Properties' computer files and information to address the discrepancy relating to this one category of documents known as Vacancy Status Reports for the period of time that Jeremiah Stadtlander was a tenant at Warren Village in Mobile, Alabama. Defendants object to plaintiff accessing and/or obtaining copies of all of its computer information to address this limited issue relating to the Vacancy Status Reports for a limited period of time at one of its properties.

    2.    The parties have met and conferred in an effort to resolve this discovery dispute and have made some progress, but still are in disagreement on some issues. Defendants remain willing to immediately provide copies of the database backups to plaintiff's computer expert for review upon entry of an appropriate protective order. Defendants assert that this database backup information should allow plaintiff's computer expert to review the relevant electronically stored information and obtain an understanding about the reason for the discrepancy between the Vacancy Status Reports at issue in this case. Defendants have provided two affidavits from computer expert Doug Greene identifying the reason for the discrepancy between the Vacancy Status Reports produced to HUD and those provided in defendants' initial disclosures in this case. Defendants do not believe that it is necessary for plaintiff to obtain and

CV-09-00237-CG-N
Defendants' Motion for Entry of Protective Order

access the entire database server to resolve the current discovery dispute; however, defendants will agree to provide a copy of the entire database server, if necessary, after plaintiff's computer expert reviews the initial database backup information.  In other words, defendants seek to avoid the necessity of producing the entire database server, but will provide that information if Plaintiff United States and its computer expert assert a continued need for that more extensive production after they review the database backup information.

      3.    The Vacancy Status Reports at issue were generated using the Realwise software application used by Warren Properties during the time that Jeremiah Stadtlander was a tenant at Warren Village and Doug Green explained in his affidavit that the electronically stored information for this Realwise software application is maintained in a SQL Server database (hereafter "database server").  In an attempt to resolve the current discovery dispute between the parties, defendants are willing to make available to Plaintiff United States and its computer expert a copy of the backups from the database server containing the relevant electronically stored information. Because the database backups contain information relating to current and former tenants of Warren Properties, including Social Security numbers, credit history information, driver's license numbers, dates of birth, and other personal or privacy-protected information, defendant seeks a protective order prior to making a copy of the electronically stored information from the database available to plaintiff and its computer expert.  In addition, because the Realwise database also contains information

3

CV-09-00237-CG-N
Defendants' Motion for Entry of Protective Order

for properties other than Warren Village, the property made the basis of this lawsuit, defendants seek a protective order limiting the use of that electronically stored information from the Realwise database solely for review of the Vacancy Status information as it pertains to Warren Village for the purposes of this litigation only and not for any other purpose. There may also be other company information of a sensitive nature, including bank account information, contained on the database server and backups of that database that should be subject to protection.

      4.    In order to facilitate a resolution of this discovery dispute defendant is willing to make available to Plaintiff United States and its computer expert the copies of the database backups containing all of the aforementioned information so long as that database information is maintained and used in accordance with the terms of the attached Protective Order. Due to the large volume of electronically stored information, defendants would be required to undergo an extremely burdensome and costly process to review for relevance and privilege if an appropriate Protective Order is not in place. Disputes about the privileged and/or confidential nature of this electronically stored information may unnecessarily disrupt the resolution of this discovery dispute. To avoid this cost and allow the plaintiff and its expert to review the relevant information, defendants have also included an appropriate clawback provision pursuant to Rule 502(d) of the Federal Rules of Evidence to allow for the protection of confidentiality and privilege without the necessity of undertaking the burdensome and costly review of the entire database storage devices prior to disclosure.

CV-09-00237-CG-N
Defendants' Motion for Entry of Protective Order

5.      Defendant Warren Properties wishes to move forward to try and resolve the discovery dispute relating to these Vacancy Status Reports and is eager to provide a copy of the database information in an attempt to resolve this issue; however, defendant needs an appropriate Protective Order in place to make the electronically stored information relating to this database available to plaintiff and its expert. Although the parties have conferred and attempted to negotiate the terms of a mutually agreeable Protective Order, they are at an impasse as to the appropriate language to be included in such Protective Order.

6.      Rule 26(c) of the Federal Rules of Civil Procedure provides for the entry of a Protective Order limiting the disclosure and/or use of privileged and/or confidential information for good cause, and defendants believe and represent that good cause exists in this case to enter the Protective Order attached as "Exhibit 1".

7.      Defendant Warren Properties requests entry of this Protective Order to govern the disclosure of the electronically stored information contained in the database server and/or database backups in the form attached to this motion as "Exhibit 1". Once this Protective Order is in place, defendants anticipate that they can immediately provide copies of the relevant database backup information to plaintiff and its computer expert.  Again, if, after reviewing the database backups, Plaintiff United States and its computer expert continue to express a need to review the entire database server, then defendants will also provide that electronically stored information pursuant to the terms of the attached Protective Order.

CV-09-00237-CG-N
Defendants' Motion for Entry of Protective Order

WHEREFORE, Defendant Warren Properties respectfully requests that the Court enter the attached Protective Order, and for any such further relief the Court deems just and proper.

                **s/Thomas O. Gaillard, III**
                THOMAS O. GAILLARD, III  (GAILT9459)
                ALICIA M. JACOB  (JACOA7086)

                GALLOWAY, WETTERMARK, EVEREST,
                    RUTENS & GAILLARD, LLP
                Post Office Box 16629
                Mobile, Alabama  36616-0629
                PH:  251-476-4493
                FX:  251-479-5566
                tgaillard@gallowayllp.com
                ajacob@gallowayllp.com
                *Attorneys for Defendants Warren Village (Mobile)*
                *Limited Partnership, Warren Properties, Inc.,*
                *Frank R. Warren, and Evelyn Graves*

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Deidre L. Colson
    Gary A. Moore
    Daniel A. Hannan
    James B. Rossler
    Robert F. Childs, Jr.
    Joshua D. Wilson
    Craig L. Lowell
    Henry Brewster

CV-09-00237-CG-N
Defendants' Motion for Entry of Protective Order

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    None.

                **s/Thomas O. Gaillard, III**