IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **JEREMIAH STADTLANDER**, | ) |
| | ) |
| Intervenor- Plaintiff | ) |
| | ) |
| v. | )   Civil Action No. 09-0237-CG-N |
| | ) |
| **WARREN VILLAGE (MOBILE)** | ) |
| **LIMITED PARTNERSHIP,** | ) |
| **WARREN PROPERTIES, INC.,** | ) |
| **FRANK R. WARREN, LAURIE** | ) |
| **WEAVER AND EVELYN GRAVES,** | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the United States hereby files its Response to Defendants' Motion for Entry of Protective Order (Doc. 115), respectfully submitting to this Honorable Court that the motion and accompanying protective order should not be granted and as grounds therefore, shows unto the Court the following:

As provided specifically by Fed.R.Civ.P. 26(c)(1), Defendants have failed to certify to the Court that it has conferred or attempted to confer in good faith

with the United States in an effort to resolve any remaining issues surrounding Defendants' proposed protective order.[1]  Indeed, Plaintiff United States has no objection to the entry of a Protective Order and a Claw-Back Agreement to facilitate the discovery process and to protect certain confidential and privileged information potentially contained in Defendants' electronically stored information ("ESI") relevant to this litigation.  However, the United States objects to Defendants' attempt to incorporate the parties' ESI discovery issues into the terms and conditions of a Protective Order.  Concerns such as tenant names, social security numbers, and financial information are easily classified as confidential and such protections are not the real source of the parties' dispute.

Exhibit 1 to Defendants' Motion for entry of Protective Order (Doc. 115) was not submitted to the United States for review prior to filing with the Court. The United States finds Defendants' most recent proposed protective order unacceptable for the reasons mentioned below.  The United States also incorporates by reference its red-line version of Defendants' Exhibit 1 for the Court's ready review.  *See* Gvnt Exhibit 1, U.S. red-line version of Defendants'

---

[1] The parties' counsel participated in a recent teleconference on August 17th regarding proposed protective orders, with the United States to incorporate the revisions discussed.  *See* Gvnt Exhibit 2, 8/18/10 Colson e-mail to Gaillard with attached Proposed Protective Order and Claw-Back Agreement.  Without contacting the United States for further discussion, Defendants filed the present Motion for Entry of Protective Order with the Court on August 20th, and contacted the court by telephone.

Proposed Protective Order.

    1.    In the preamble of its Protective Order, Defendants determine that any electronically stored information ("ESI") pertaining to other Warren Properties' apartment complexes must be protected. However, potential references to other apartment complexes or properties are not subject to protection on the basis of confidentiality or other privacy concerns.

    2.    Pursuant to ¶ 1 of Defendants' Proposed Protective Order, Defendants treat the entire database server and database back-ups relating to the Realwise application as confidential. In contrast, the United States proposed a definition of confidential information, and fashioned an exclusion for those documents already produced that have not been considered confidential (*e.g.*, Vacancy Status Reports). *See* Gvnt Exhibit 3, 08/05/10 U.S. Proposed Protective Order at ¶ 1; Gvnt Exhibit 4, 08/13/10 U.S. Proposed Protective Order at ¶ 16. Moreover, according to Defendants' version, any ESI the United States exports or prints from the storage device(s) must be provided to the Defendants within five days.[2] *See* Defendants' Proposed Protective Order at ¶ 1. Not only does this method shift the designation burden from the producing party (Warren Properties) to the United States (receiving party), by requiring the United States to provide

---

[2]The five day requirement is new as of this filing.

exported documents from the database(s) to the Defendants within five days of extraction clearly invades attorney work-product.  The United States objects to such a burdensome and protected ESI production.

In the spirit of cooperation, however, the United States agreed to Defendants' designation of the entire collection of ESI produced to its expert as confidential, but did not agree to providing Defendants with every document it deemed important by printing or otherwise extracting same from the database.  *See* Gvnt Exhibit 2, United States Proposed Protective Order and Claw-Back Agreement at 3, ¶ 1.

3.  Paragraph 7 of Defendants' Proposed Protective Order requires all confidential information to be maintained under seal by the Court.  In an effort to alleviate such a procedural burden to the Court and the parties, the United States proposed the use of "redactions" or language such as "or otherwise agreed upon by the parties" as an alternative.  *See* Gvnt Exhibit 2, U.S. Proposed Protective Order and Claw-Back Agreement at 6, ¶ 7; Gvnt Exhibit 4, U.S. Proposed Protective Order at 2 & 4, ¶s 1, 7.

4.  Paragraph 9 of Defendants' Proposed Protective Order incorporates a claw-back provision for work-product and privileged information.  *See* Defendants' Proposed Protective Order at 5-6, ¶ 9.  Understanding the increasing

need for claw-back provisions associated with ESI production, the United States' proposed the inclusion of a reasonable time frame within which the Defendants could make "clawback" assertions.[3]  *See* Gvnt Exhibit 2, 08/18/10 U.S. Proposed Protective Order and Claw-Back Agreement at 7, ¶ 9.

5. Finally, to conserve resources of the parties and the Court, the United States proposed a protective order and claw-back provision that is applicable to all ESI produced to the United States' expert for review.  Limiting the Protective Order to the Realwise® database, to backups and/or to servers creates issues for later resolution if other storage devices/media and/or databases are produced to the United States' expert for review.  *See* Defendants' Proposed Protective Order at ¶s 1,8, 9.

WHEREFORE, Plaintiff United States respectfully objects to the entry of Defendants' Proposed Protective Order attached as Exhibit 1 to its Motion for Entry of Protective Order (Doc. 115); and respectfully requests that either the United States' Proposed Protective Order and Claw-Back Agreement (Gvnt Exhibit 2) be entered by this Honorable Court, or in the alternative, that the red-line revisions made to the Defendants' Proposed Protective Order attached and

---

[3] The United States also proposed the inclusion of a privilege log, to which the parties have agreed.

incorporated herein (Gvnt Exhibit 1), be entered.

                                      Respectfully submitted,

                                      KENYEN R. BROWN
                                      UNITED STATES ATTORNEY

                                        */S/ Deidre Colson*

Dated: August 23, 2010.        By _____
                                        Deidre Colson (COLSD4360)
                                        Gary Alan Moore (MOORG6851)
                                        Assistant United States Attorneys
                                        63 South Royal Street, Suite 600
                                        Mobile, Alabama 36602
                                        Telephone:  251.441.5845
                                        Facsimile:   251.441.5051
                                        E-mail:      gary.moore2@usdoj.gov
                                                          deidre.colson@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on August 23, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will effect service of this motion to the following counsel of record:

Thomas O. Gaillard
James B. Rossler
Daniel A. Hannan
Henry Brewster
Josh Wilson
Alicia Jacob

                                                    */S/ Deidre Colson*
                                                  _____
                                                  Deidre Colson
                                                  Assistant United States Attorney

S:\civil\Warren Properties\Discovery\US resp to WP Mot for Protective Order 08 23 10.wpd